UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMELA L. HADDEN,

    Plaintiff,                           CIVIL ACTION NO. 06-14227
  v.
                                        DISTRICT JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY

    Defendant.
  _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction should be GRANTED, and Plaintiff's Motion for Summary Judgment DENIED, as Plaintiff has not alleged errors which pertain to the final decision of the Commissioner.

\*   \*   \*

## PROCEDURAL HISTORY

Plaintiff filed an application for Social Security disability insurance benefits on June 2, 2004, alleging that she had been disabled and unable to work since August 8, 2002, at age 33, due to severe joint pain and emotional difficulties. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on June 15, 2005, before Administrative Law Judge (ALJ) Gerald A. Freedman. The ALJ found on October 20, 2005, that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work

The Law Judge limited the claimant to jobs that did not require prolonged walking or standing. The claimant was also unable to do any bending, squatting or kneeling.

Plaintiff requested that the Appeals Council review the ALJ's decision.  As part of her request for review, Plaintiff sought additional time to submit updated medical records (TR 14-16).  The Appeals Council on February 17, 2006, granted a 25 day extension of time for the submission of additional evidence, but the Council warned Plaintiff that further time extensions would not be allowed unless very good reasons were provided (TR 12). A week later, Plaintiff's representative submitted updated medical records to the Appeals Council (TR 11, 241-250).  On June 7, 2006, the Appeals Council denied Plaintiff's request for review (TR 8-11).  This action by the Appeals Council rendered the ALJ's recommended findings the "final decision" of the Commissioner subject to judicial review.  See 20 C.F.R. § 404.981 (2007).

Plaintiff, now represented by new counsel, requested on August 17, 2006, that the Appeals Council grant an extension of time to file a civil action seeking judicial review. Counsel asserted that the claimant was currently unrepresented for purposes of a court action.  The additional time was needed since the attorney had not obtained authorization to represent the claimant in the civil action (TR 5-6). On September 5, 2006, the Appeals Council allowed Plaintiff an additional 60 days to file a civil action (TR 4).

Plaintiff eventually commenced the instant action for judicial review of the denial of benefits. A scheduling order directed the parties to submit cross-motions for summary judgment on the issue of whether substantial evidence existed on the record supporting the Commissioner's decision to deny disability benefits.  Plaintiff filed a Motion for Summary Judgment on April 6, 2007, but she did not challenge the ALJ's finding that she retained the

residual functional capacity to perform light work activity providing a sit-stand option. Instead she alleged that the Appeals Council had violated its own procedural regulations by refusing to re-open her case after the Council had denied her request for review in June 2006. Plaintiff claims that the Appeals Council had been ignoring her repeated requests to submit new and material evidence in support of her appeal of the denial of disability benefits.

Defendant filed a Motion to Dismiss on June 29, 2007, on the basis that Plaintiff has not alleged errors which pertain to the final decision of the Commissioner. Defendant contends that this Court lacks subject matter jurisdiction to review the Appeals Council's determination not to re-open the case in order to allow the submission of new evidence. Defendant claims that the Social Security Act limits judicial review to determining whether the Commissioner's decision to deny disability benefits is supported by substantial evidence, and whether the proper legal standards were employed in making that determination. In a reply dated July 10, 2007, Plaintiff maintains that she should have been allowed to submit new and material evidence to the Appeals Council since the SSA's regulations allow up to four years to do so.

FACTUAL BACKGROUND

Plaintiff was 35 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed as a receiving attendant and cashier (TR 261, 267). Claimant stopped working in August 2002, due to severe pain in her lower back (TR 254). Pain medications and physical therapy allegedly proved ineffective (TR 255, 260). Plaintiff testified that she remained disabled as a result of severe back pain that prevented her from standing or walking for prolonged periods (TR 256, 264). Other

impairments which prevented her from returning to work included vaginal pain resulting from fibroid tumors, a poor memory and bladder incontinence (TR 256, 259, 263).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as light to medium, unskilled activity (TR 267). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[1] (TR 270). If the claimant were capable of light work, the witness testified that there were numerous cashier, inspection, sorting, informational clerk and video surveillance monitoring jobs that she could still perform with minimal vocational adjustment (TR 268-269). These unskilled jobs provided a sit-stand option, and did not require any bending, squatting or kneeling (TR 269).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a history of low back pain, fibroid tumors and an adjustment disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring prolonged sitting, standing or lifting. Claimant was also unable to perform any bending, squatting or kneeling. The Administrative Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's finding that she retained the residual functional capacity to perform light work activity providing a sit-stand option. Rather she contends

---

[1] The witness opined that the claimant's alleged need to sit with her legs elevated to waist level would preclude all work activity (TR 270).

4

that the case should be remanded because the Appeals Council did not allow her new representative additional time to submit new evidence in support of her administrative appeal after the Council had already declined, in June 2006, to review the Law Judge's decision.

This Court has jurisdiction to review the Commissioner's decisions pursuant to 42 U.S.C. § 405. The relevant provisions of that section of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which she was a party, irrespective of the amount of controversy, may obtain a review of such decision by a civil action commenced within sixty days... ." 42 U.S.C. § 405(g). The Act further provided that "[N]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h).

The above provisions of the Act plainly provide that the only civil action permitted on any claim arising under Title II is an action to review the "final decision of the Commissioner made after a hearing." The SSA's regulations define a final decision of the Commissioner as the ALJ's decision when the Appeals Council denies a request for review of that decision. See 20 C.F.R. § 422.210(a) (2007). Judicial review of those final decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Rather than challenging the ALJ's determination to deny disability benefits issued in October 2005, Plaintiff raises issues pertaining to the Appeals Council's actions after they had already declined to review the ALJ's decision. The refusal of the Appeals Council to re-open a final decision is not subject to judicial review. As the Supreme Court noted in Califano v. Sanders, 430 U.S. 99 (1977):

> Indeed, the opportunity to reopen final decisions, and any hearing convened to determine the propriety of such action, are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in §205(g), to impose a 60 day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951. Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of state eligibility claims. Our duty, of course, is to respect that choice.
>
> Califano v. Sanders, 430 U.S. at 108.

The Sixth Circuit also has acknowledged that subject matter jurisdiction under 42 U.S.C. § 405(g) is lacking over corollary actions by the Appeals Council which do not constitute final decisions of the Commissioner. See Duda v. Secretary of Health and Human Services, 834 F.2d 554, 554-555 (6th Cir. 1987). Since the refusal of the Appeals Council to re-open its final decision to deny disability benefits is not subject to judicial review, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss should be granted, and Plaintiff's Motion for Summary Judgment should be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 12, 2007

___

**CERTIFICATE OF SERVICE**

I hereby certify on July 12, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July12, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217